IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT MITCHELL ALEXANDER, | § | |
|   TDCJ # 830440, AND | § | |
| RONALD LEE ALEXANDER, | § | |
|   TDCJ #830441, | § | |
| | § | |
| V. | § | CASE NO. 2:11-cv-130 |
| | § | |
| WARDEN D. KUKUA, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiffs Robert Mitchell Alexander and Ronald Lee Alexanders are brothers, and are both Texas state prisoners currently confined at the Stiles Unit in Beaumont, Texas.

Robert Mitchell Alexander filed a § 1983 civil rights complaint in the United States District Court for the Eastern District of Texas, Beaumont Division, alleging denial of access to the law library at the Stiles Unit in case no. 1:10-cv-807. Thereafter, Robert Mitchell Alexander, together with his brother, Ronald Lee Alexander, filed an additional complaint in that proceeding, alleging that, while at the Garza Unit in Beeville, Texas, they were denied their First Amendment right to practice their religion; they were denied adequate medical care in violation of the Eighth Amendment; and violations of the Americans with Disabilities Act. On December 13, 2010, the Beaumont district court severed plaintiffs' claims against the Garza Unit defendants and transferred those claims to this court. (D.E. 1). Plaintiffs have not filed motions to proceed *in forma pauperis*, nor have they paid the filing fee.

**I.     Three strikes rule.**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  Id.

**II.    Litigation history of the plaintiffs.**

Both Robert Mitchell Alexander and Ronald Lee Alexander have had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  For Robert Mitchell Alexander, those cases are as follows: Alexander v. Gaiser, 4:01cv590 (S.D. Tex. May 29, 2001) (first strike); Mitchell v. Cook, et al., 1:02cv72 (N.D. Tex. Oct. 29, 2002) (second strike); and Mitchell v. Correll, et al., 1:04cv 245 (N.D. Tex. Dec. 6, 2010) (third strike).

Ronald Lee Alexander has had the following actions dismissed as frivolous: Alexander v. Dver, 4:00cv207 (S.D. Tex. Apr. 18, 2000) (first strike); Alexander v. Allen, et al., 1:04cv008 (E.D. Tex. Aug. 31, 2004) (second strike); and Alexander v. Allen, et al., Case No. 05-40837 (5th Cir. Aug. 28, 2006) (third strike).

As a result of the dismissals of their lawsuits as frivolous and/or for failure to state a claim, each plaintiff is barred from proceeding *in forma pauperis* in a civil rights action unless he can establish that he is in imminent danger of physical injury.

### III. Imminent danger.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

Plaintiffs fail to allege imminent injury for purposes of § 1915(g). Indeed, in this action, each plaintiff complains about events that occurred while at the Garza West Unit between October 8, 2009 through October 14, 2009.[1] Plaintiffs are no longer at the Garza Unit. Further, their claims concerning religion, medication, and the ADA do not suggest that either is in imminent danger of serious physical harm Allegations of past harm do not constitute "impending harms." Abdul-Akbar, 239 F.3d at 315.

---

[1] On October 18, 2010, Robert Mitchell Alexander was granted leave to proceed i.f.p. in Case No. 2:10cv325 in which he raises the same claims against the same Garza West Unit defendants as he attempted to raise in this action. Evidently, his three-strikes information was not up-to-date at the time he was granted i.f.p. status in 2:10cv325.

## IV.     Conclusion.

Plaintiffs have lost the privilege of proceeding *in forma pauperis* and they have failed to allege that they are in imminent danger of physical harm. They have not paid the $350.00 filing fee. Accordingly, the Court dismisses this action without prejudice. Moreover, because Robert Mitchell Alexander is already pursuing these same claims in 2:10cv325, he may not join with his brother in bringing a separate action. Should Ronald Lee Alexander desire to pursue these claims, he must pay the full filing fee.

ORDERED this 3rd day of May, 2011.

_____
Janis Graham Jack
United States District Judge